

**ORDERED in the Southern District of Florida on August 05, 2011.**

_____

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:

INNOVIDA HOLDINGS, LLC,                    Case No. 11-17702-RAM
*et al.*,                                  Chapter 11

    Debtors.                             Jointly Administered
_____/

In re:

                                            Chapter 11
CLAUDIO ELEAZAR OSORIO
and AMARILIS MORAN OSORIO,                 Case No. 11-17075-BKC-RAM

    Debtors.
_____/

**AMENDED**
**AGREED ORDER (1) RESERVING RULING ON TRUSTEE'S MOTION TO**
**CONVERT CASES AND (2) RESETTING HEARING ON MOTION**
**TO EXTEND PASSPORT SURRENDER DATE**

    The Court conducted a hearing on July 18, 2011 on Mark Meland's ("***Trustee***") Motion to Convert Cases [ECF No. 144 in Case No. 11-17702], Motion to Compel Production of Documents [ECF No. 145 in Case No. 11-17702] and Motion to Extend Passport Surrender Date

[ECF No. 189 in Case No. 11-17702]. For the reasons stated on the record, which are incorporated by reference, it is—

**ORDERED** as follows:

1. The Court reserves ruling on the Trustee's Motion to Convert. To the extent the Osorios fail to comply with paragraphs 2 and 3 below, the Trustee shall file a notice of non-compliance by no later than August 15, 2011. The Court shall thereafter conduct a hearing on August 18, 2011 at 3:00 p.m. to decide whether the Osorios have complied. If the Court determines that the Osorios have not complied, then the Osorios's bankruptcy case shall be converted to Chapter 7 and the Court will consider the balance of the relief set forth in paragraph 4 of the Court's June 10, 2011 scheduling order [ECF No. 186].

2. By August 8, 2011, the Osorios shall obtain a letter from Royal Bank of Canada ("**RBC**") (in a form reasonably agreed to by the Trustee), notarized under Cayman law, stating that RBC:

    a. Reviewed the entire Bates stamped productions (Bates labeled OSO – 1000 to OSO – 1631 and 20000 to 20150) (*"**Production**"*);

    b. Represents that the Production is complete with respect to all accounts, including certificates of deposit or term deposits, maintained by any of the InnoVida Entities[1] at RBC and that all such records have been produced; and

---

[1] *"InnoVida Entities"* shall mean InnoVida Holdings, LLC, InnoVida US LLC; InnoVida Services, Inc. f/k/a InnoVida Holdings, Inc.; InnoVida Cyprus; InnoVida SE Construction, LLC; InnoVida MRD, LLC; InnoVida Germany GmbH; InnoVida Factories, Ltd. f/k/a InnoVida Holdings, Inc. (Cayman); InnoREZ GmbH; InnoVida InnoREZ (Cayman); InnoVida Procurement Ltd. (Cayman); Inpro (Hong Kong); InnoVida Haiti Ltd.; InnoVida Southeast, LLC; InnoVida Mississippi LLC f/k/a InnoVida GoZone, LLC; InnoVida Central Florida LLC; InnoVida Manufacturing SE, LLC f/k/a InnoVida Factory, LLC; InnoVida Miami, Inc.; InnoVida Solutions, LLC d/k/a WSG InnoVida, LLC; InnoVida Southeast Construction, LLC;

    c. No account opening statements, signature cards or correspondence relating to the InnoVida Entities have been withheld.

 3. By August 10, 2011, the Osorios shall cause control over the InnoVida Entities' accounts at the following financial institutions (whether domestic or foreign) to be turned over to the Trustee such that the Trustee may obtain turnover of any funds located in such accounts or documents identifying historical transactions occurring in such accounts:

    a. Citibank;

    b. Sparkasse Westmunsterland;

    c. Sparkasse Dueren;

    d. RBBT Bank Arube NV;

    e. RBC;

    f. United Arab Bank;

    g. Commerzebank Wolfsburg;

    h. Deutsche Bank; and

    i. HSBC.

 4. Mr. Osorio has represented to the Trustee that he may be required to execute and file various legal forms with government agencies in order to qualify to take control of, or obtain historical data for, the accounts identified in paragraph 3 of this Order. To the extent such filings are required, Mr. Osorio shall provide any necessary information and documents to the Trustee by August 5, 2011 for his execution and appropriate filing. Notwithstanding, the parties agree that if control of the accounts identified in paragraph 3 of this Order are not transferred by August 10, 2011 due to the failure of the Trustee to timely execute and file these documents, and

---

InnoVida Construction SE, LLC; InnoVida Innorev, Ltd.; InnoVida Holdings, Ltd. and InnoVida, Inc.

provide same to the respective banks, Mr. Osorio shall provide historical account information for each of these banks.

5. The hearing on the Trustee's Motion to Extend Passport Surrender Date shall be reset to August 18, 2011 at 3:00 p.m.  Mr. Osorio's passports shall remain in the possession of Geoffrey Aaronson, Esq. in the interim.

6. The Osorios' individual bankruptcy case shall be converted to chapter 7 unless the Trustee supports a proposed plan of reorganization prepared by the Osorios.  The Osorios shall seek to obtain the Trustee's consent by no later than August 15, 2011.  The Trustee shall consult in good faith with the Official Committee of Unsecured Creditors ("*Committee*") prior to making the determination whether to consent to the proposed plan and shall not unreasonably withhold such consent.  In the event the Trustee does not consent to the plan, the Trustee shall file a notice of non-consent by 12:00 p.m. on August 15, 2011, in which case, the Osorios and the Committee shall have until 5:00 p.m. on August 16, 2011 to file an objection relating to whether the Trustee unreasonably withheld consent.  In that event, on August 18, 2011 at 3:00 p.m., the Court shall conduct a hearing on the issue of whether the Trustee unreasonably withheld consent.

7. The Osorios shall not oppose any motion filed by the Trustee to sell or auction the assets of the corporate debtors or the receivership entities (the "*Auction*").  Notwithstanding any bid procedures approved by the Court in connection with the Auction, the Trustee agrees that the Osorios may bid at the Auction by granting a lien on the exempt portion of their Star Island residence.  The Osorios expressly waive any right to object to, challenge in any manner or appeal any order approving the Auction or the sale of any assets of the corporate debtors; this waiver shall apply to and bind any assignee of any bid of the Osorios.  The Osorios may assign a successful bid within two business days of the Auction provided that there is a simultaneous wire

transfer of cash in the full amount of the purchase price to the trust account of the Trustee's counsel and provided that the assignee documents the original source of the funds with a sworn representation to the reasonable satisfaction of the Trustee.  The Osorios or the assignee may seek Section 363(m) findings and protections but may not condition closing on such protections.  If the Osorios bid based on a pledge of the exempt interest in the Star Island residence, then the Trustee in his sole discretion may determine the cap of such bid, but the Trustee agrees that such cap shall be no less than $900,000.  In the event the Osorios bid in such a manner, they agree to relinquish control over the sale process related to the Star Island residence to the Trustee unless a sale motion is filed by the date of the closing of the sale of the corporate assets.

8. The Osorios shall obtain the consent of the Trustee and Committee with respect to any motion to sell the Osorios' Star Island residence.  The Trustee and Committee shall not unreasonably withhold consent.

9. In the event the Trustee files a notice of non-compliance pursuant to paragraph 1 of this Order or a notice of non-consent pursuant to paragraph 5 of this Order and the Osorios contest the same, Mr. Osorio shall appear in person at the hearing on August 18, 2011 at 3:00 p.m.

10. Any matters to be heard on August 18, 2011 at 3:00 p.m. if not concluded will continue on August 19, 2011 at 9:30 a.m.

###